**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORDAN WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> CYRUSONE INC., ALEX SHUMATE, DAVID H. FERDMAN, JOHN W. GAMBLE, JR., T. TOD NIELSEN, DENISE OLSEN, WILLIAM E. SULLIVAN, and LYNN A. WENTWORTH, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Jordan Wilson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action against CyrusOne, Inc. ("CyrusOne" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which the Company will be acquired by funds affiliated with Kohlberg Kravis Roberts & Co. L.P. ("KKR") and Global Infrastructure Management, LLC ("GIP") through their subsidiaries Cavalry Parent L.P. ("Parent") and Cavalry Merger Sub LLC ("Merger Sub")  (the "Proposed Transaction").[1]

---

[1] Non-party KKR is a global investment firm that offers alternative asset management and capital markets and insurance solutions.  Non-party GIP is an infrastructure investor.  Non-party Parent is a Delaware limited partnership that will be controlled by funds affiliated with KKR and GIP.  Non-party Merger Sub is a Delaware limited liability company and a wholly owned subsidiary of Parent.

2.      On November 15, 2021 CyrusOne and KKR, and GIP jointly announced, *inter alia,* their entry into an Agreement and Plan of Merger dated the preceding day (the "Merger Agreement"). The Merger Agreement provides that Company stockholders will receive $90.50 in cash for each share of CyrusOne stock they own.[2]

3.      On December 30, 2021, the Company filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.[3]    The Proxy Statement, which recommends that CyrusOne stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a

---

[2] The approximate value of the Proposed Transaction is $15 billion.

[3] An amendment to the Proxy Statement was filed on December 29, 2021.

corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (a) the Company maintains and operates two data center locations in this District; (b) one or more of the defendants either resides in or maintains executive offices in this District; and (c) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of CyrusOne.

10.      Defendant CyrusOne is a Maryland corporation with its principal executive offices located at 2850 N. Harwood Street, Suite 2200, Dallas, Texas 75201.  CyrusOne maintains and operates data center facilities in Totowa and Somerset, New Jersey.  CyrusOne's common stock trades on the Nasdaq Global Select Market under the ticker symbol "CONE."

11.      Defendant Alex Shumate ("Shumate") is the Company's Lead Independent Director, and is and has been a director of the Company since 2013.

12.      Defendant David H. Ferdman ("Ferdman") has been interim President and Chief Executive Officer ("CEO") of the Company since June 30, 2021, and a director of the Company since 2013.

13.      Defendant John W. Gamble, Jr. ("Gamble") is and has been a director of the Company since 2014.

14.      Defendant T. Tod Nielsen ("Nielsen") is and has been a director of the Company since 2013.

3

15.     Defendant Denise Olsen ("Olsen") is and has been a director of the Company since 2021.

16.     Defendant William E. Sullivan ("Sullivan") is and has been a director of the Company since 2013.

17.     Defendant Lynn A. Wentworth ("Wentworth") is Chair of the Board and is and has been a director of the Company since 2014.

18.     Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

19.     On November 15, 2022, CyrusOne, KKR, and GIP jointly announced in relevant part:

DALLAS--Nov. 15, 2021-- CyrusOne Inc. (NASDAQ: CONE) (the "Company" or "CyrusOne"), a premier global data center REIT, KKR, a leading global investment firm, and Global Infrastructure Partners ("GIP"), one of the world's leading infrastructure investors, today announced a definitive agreement pursuant to which KKR and GIP will acquire all outstanding shares of common stock of CyrusOne for $90.50 per share in an all-cash transaction valued at approximately $15 billion, including the assumption of debt.

The $90.50 per share purchase price reflects a premium of approximately 25% to CyrusOne's unaffected closing stock price on September 27, 2021, the last full trading day prior to published market speculation regarding a potential sale of the Company.

"This transaction is a testament to the tremendous work by the entire CyrusOne team. We have built one of the world's leading data center companies with a presence across key U.S. and international markets supporting our customers' mission-critical digital infrastructure requirements while creating significant value for our stockholders," said Dave Ferdman, Co-Founder and interim President and Chief Executive Officer of CyrusOne. "KKR and GIP will provide substantial additional resources and expertise to accelerate our global expansion and help us deliver the timely and reliable solutions at scale that our customers value."

"Today's announcement is the culmination of a robust strategic review process conducted by the CyrusOne Board of Directors to determine the best path forward for the Company and maximize stockholder value," said Lynn Wentworth, Chair of the CyrusOne Board of Directors. "This transaction provides CyrusOne stockholders with

significant value and simultaneously positions the Company to even better serve its customers to meet their needs in key markets around the world."

"CyrusOne has built one of the strongest data center companies in the world and has a strong track record of development and operational expertise in addition to delivering best-in-class service to its customers.  We are excited to work together with the Company's proven team to build on CyrusOne's market leadership and support their customers' growing data center infrastructure requirements," said Waldemar Szlezak, Managing Director at KKR, and Will Brilliant, Partner at GIP.  "We see numerous opportunities ahead to continue expanding CyrusOne's footprint across key global digital gateway markets and look forward to leveraging our global resources, access to long term capital and deep expertise to support the Company's growth."

**Transaction Approvals and Timing**

The transaction, which was unanimously approved by the CyrusOne Board of Directors, is not subject to a financing condition and is expected to close in the second quarter of 2022, subject to satisfaction of customary closing conditions, including regulatory approvals and approval by CyrusOne stockholders.

Upon completion of the transaction, CyrusOne will be a privately held company wholly owned by KKR and GIP and CyrusOne's common stock will no longer be listed on any public market. KKR's investment is being made primarily from its global infrastructure and real estate equity strategies, and GIP's investment is being made from its global infrastructure funds.

**Advisors**

Morgan Stanley & Co. LLC and DH Capital, LLC are acting as financial advisors to CyrusOne and Cravath, Swaine & Moore LLP, Venable LLP and Eversheds Sutherland (International) LLP are acting as its legal counsel.

Goldman Sachs & Co., Barclays, Wells Fargo Securities, LLC, Citigroup and J.P. Morgan are acting as financial advisors to KKR and GIP, with KKR Capital Markets leading the structuring on the financing. Kirkland & Ellis LLP and Dentons (UK & Europe) are acting as legal counsel to the acquiring consortium and KKR, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel to GIP.

## The Proxy Statement Contains Material Misstatements or Omissions

20.      Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to CyrusOne's stockholders.  The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

5

21.    Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial projections for the Company and the valuation analyses underlying the fairness opinions provided by one of the Company's financial advisors Morgan Stanley & Co. LLC ("Morgan Stanley"); (b) potential conflicts of interest faced by the Company's financial advisors, Morgan Stanley and DH Capital, LLC ("DH Capital"), and Company insiders; and (c) the background of the Proposed Transaction.

***Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board***

22.    The Proxy Statement omits material information regarding the financial forecasts for the Company including: (a) Net Operating Income; (b) Adjusted EBITDA; (c) Normalized FFO; and (d)  Unlevered Free Cash Flow.

23.    The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Morgan Stanley.

24.    The Proxy Statement describes Morgan Stanley's fairness opinion and the various underlying valuation analyses.  Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding Morgan Stanley's work.  As a result, CyrusOne stockholders cannot assess what significance to place on Morgan Stanley's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

25.    With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the inputs and assumptions underlying the discount rates ranging from 5.6% to 6.4%; and (b) the terminal values of the Company.

26.    With respect to Morgan Stanley's *Analyst Price Target Analysis* and *Net Asset Value* analysis, the Proxy Statement fails to disclose the individual price targets and net asset value estimates observed and the sources thereof.

27.    With respect to Morgan Stanley's *Comparative Public Trading Multiples Analysis*, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the companies analyzed; and (b) the Company's 2022E EBITDA used by Morgan Stanley in the analysis.

28.    With respect to Morgan Stanley's *Precedent Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed by Morgan Stanley.

29.    With respect to Morgan Stanley's *Precedent Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums for each of the transactions analyzed by Morgan Stanley.

30.    The omission of this information renders the statements in the "Financial Forecasts" and "Opinion of the Company's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.  Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

*Material Omissions Concerning Potential Conflicts and the Background of the Proposed Transaction*

31.    The Proxy Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction.

32.    With respect to DH Capital's potential conflicts of interest, the Proxy Statement fails to disclose (a) the amount of compensation DH Capital has received or will receive in connection with its engagement; (b) the amount of DH Capital's compensation that is contingent upon the

7

consummation of the Proposed Transaction; and (c) the details of any past services DH Capital has performed for any parties to the Merger Agreement or their affiliates, including the timing and nature of such services as well as the amount of compensation received by DH Capital for providing such services.

33.     The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by CyrusOne insiders, including the details of any employment and retention-related discussions and negotiations that occurred between KKR or GIP and CyrusOne's executive officers, including who participated in all such communications, when they occurred and their content.  The Proxy Statement further fails to disclose whether any of KKR or GIP's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

34.     With respect to the background of the Proposed Transaction, the Proxy Statement fails to disclose whether any of the non-disclosure agreements into which the Company entered include "don't-ask, don't-waive" ("DADW") standstill provisions that are presently precluding these potential counterparties from submitting a topping bid for the Company.

35.     The omission of this information renders the statements in the "Background of the Merger" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

36.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other CyrusOne stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

37.    Plaintiff repeats all previous allegations as if set forth in full.

38.    During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

39.    By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Financial Advisors.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

41.    By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

42.    Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

43.     Plaintiff repeats all previous allegations as if set forth in full.

44.     The Individual Defendants acted as controlling persons of CyrusOne within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of CyrusOne, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

47.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, CyrusOne's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of CyrusOne, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to CyrusOne stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 13, 2022

**WEISSLAW LLP**

By   /**s**/ *Mark D. Smilow*
_____

OF COUNSEL:

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

Mark. D. Smilow
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: msmilow@weisslawllp.com
         -and-
Richard A. Acocelli (to be admitted *pro hac vice*)
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 682-3025
Fax: (212) 682-3010 Email:
racocelli@weisslawllp.com

*Attorneys for Plaintiff*